UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES E. TUCKER, JR., LYDIA
TUCKER

VERSUS

THE PARISH OF ST. BERNARD

CIVIL ACTION

No. 09-8003

SECTION I

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed on behalf of defendant, St. Bernard Parish Government ("the Parish").[1] Plaintiffs, James E. Tucker and Lydia Tucker, oppose the motion.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART.**

### *BACKGROUND*

On December 29, 2009, plaintiffs initiated this action in federal court.[3] Plaintiffs allege that the Parish demolished their property without prior notice and without paying proper compensation.[4] Plaintiffs claim that the Parish's actions constituted an uncompensated taking, denied plaintiffs their rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, denied plaintiffs their right to be free from unreasonable seizures pursuant to the Fourth Amendment, and denied plaintiffs their rights to procedural and substantive due process pursuant to Sections 2 and 4(a) of the Constitution of the State of Louisiana. Plaintiffs further allege that the Parish violated Louisiana Revised Statute

---

[1] R. Doc. No. 8. The Parish's motion to dismiss only addresses plaintiffs' federal law claims.
[2] R. Doc. No. 32.
[3] R. Doc. No. 1. Plaintiffs filed an amended complaint on July 21, 2010, expanding on their substantive due process claim. R. Doc. No. 44.
[4] R. Doc. No. 1, paras. 46-47.

1

§ 33:4765(C), violated the Parish's condemnation and demolition policy, and that the Parish was negligent.

On February 3, 2010, the Parish filed a motion to dismiss arguing that this Court lacks jurisdiction because plaintiffs' claims are not ripe. The Parish contends that because plaintiffs did not present their claims for inverse condemnation in Louisiana courts nor allege that such a remedy would be inadequate, plaintiffs' claims are subject to dismissal.[5] The Parish also contends that plaintiffs' substantive due process claim is subsumed by their takings claim.

*LAW AND ANALYSIS*

I. **STANDARD OF LAW**

A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* Ripeness is an essential component of federal subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Public Service Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (*citing Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568 (1985)). "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (*quoting Abbott Laboratories v.*

---

[5] R. Doc. No. 8-2, pp. 6-7.

2

*Gardner*, 387 U.S. 136, 149 (1967)). A case is not ripe if further factual development is required. *Id.* at 587.

B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to

3

relief.'" *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009)(quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)).

## II. DISCUSSION

### A. Plaintiffs' takings claims

Plaintiffs must establish two elements to demonstrate that their takings claim is ripe: (1) the property must have been "taken," and (2) they must have been denied just compensation. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). The United States Court of Appeals for the Fifth Circuit has recognized that property demolitions may constitute takings. *See, e.g., John Corp. v. City of Houston*, 214 F.3d 573, 579 (5th Cir. 2000). With respect to the second prong, however, a violation of the Fifth Amendment's Takings clause does not occur until plaintiffs have been denied just compensation through state procedures. *See id.* at 581 ("Because a violation of the Takings Clause does not occur until just compensation has been denied, [plaintiff] must use available state procedures to seek such compensation before they may bring a § 1983 takings claim to federal court.").

Under Louisiana law, the action for inverse condemnation "provides a procedural remedy to a property owner seeking compensation for land already taken or damaged." *Louisiana, through Dept. of Transp. & Dev. v. Chambers*, 595 So.2d 598, 602 (La. 1992). Plaintiffs have not alleged that they sought compensation through the inverse condemnation remedy.

However, plaintiffs argue that an attempt to seek compensation through Louisiana's inverse condemnation remedy would be futile. Plaintiffs bear the burden of proving that, "under Louisiana law as applied to it, any attempt to seek compensation via state procedures 'would have been futile.'" *Liberty Mut. Ins. Co. v. Louisiana Dept. of Ins.*, 62 F.3d 115, 117 (5th Cir. 1995) (quoting *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991)).

To establish a cause of action for inverse condemnation, a party must show:

(1) that property rights are at issue; (2) that the act alleged to have caused damage was undertaken for public purposes; (3) that the acts of the government violate Civil Code articles 667 through 669; (4) that the government has engaged in excessive or abusive conduct; and (5) that their property has either been physically damaged or has suffered "special damage peculiar to the particular property."

*Arnold v. Town of Ball*, 651 So.2d 313, 318 (La. App. Ct. 1995) (quoting and citing *Constance v. DOTD*, 626 So.2d 1151, 1156-58 (La. 1993)).

With respect to the destruction of their immovable property, plaintiffs contend that an inverse condemnation action would be futile because plaintiffs cannot meet their burden of establishing that the destruction of their property was undertaken for public purposes. The Court finds such argument unconvincing in light of the fact that the Parish has consistently argued that the destruction of plaintiffs' property was for a public purpose.[6]

Because plaintiffs have not demonstrated that an inverse condemnation action remedy would be inadequate or futile, plaintiffs' taking claim with respect to their immovable property is not ripe for adjudication by this Court.[7] *See Liberty Mutual*, 62 F.3d at 117-118. Accordingly, plaintiffs' takings claim with respect to the destruction of immovable property must be dismissed for lack of subject matter jurisdiction.

Plaintiffs also argue that Louisiana's inverse condemnation remedy does not provide compensation for the destruction of movable property. *See* La. Rev. Stat. Ann. § 19:1 (restricting definition of compensable property to "immovable property, including servitudes and other rights

---

[6] Moreover, plaintiffs' citation to a seemingly unrelated case, *Greater New Orleans Fair Housing Action Center v. St. Bernard Parish*, 06-cv-07185 (E.D. La. filed Oct. 10, 2006), in which the court found that St. Bernard Parish violated certain provisions of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, is unpersuasive. Plaintiffs have not demonstrated that the facts of that case bear any relation to the present case.

[7] While much of the case law in this area addresses regulatory takings, it is important to note that any "argument that the state procedures rule does not apply to a physical takings claim is foreclosed in [the Fifth Circuit]." *Severance v. Patterson*, 566 F.3d 490, 497 (5th Cir. 2009) (*citing Urban Developers L.L.C. v. City of Jackson,* 468 F.3d. 281, 294-95 (5th Cir. 2006)).

in or to immovable property"); *Louisiana v. Henderson*, 138 So.2d 597, 606-07 (La. Ct. App. 1962) (ruling that "movables" are not compensable under Louisiana expropriation law). Because plaintiffs have shown that there is no available state compensation remedy, plaintiffs' movable property takings claim is ripe.

B. <u>Plaintiffs' procedural due process claims</u>

"When confronted with a claim for deprivation of procedural due process, we first ask whether the state has deprived the individual of a liberty or property interest." *McClure v. Biesenbach*, 355 F. App'x 800, 805 (5th Cir. 2009). Courts then ask "whether procedures accompanying such deprivation were unconstitutional." *Id.* With respect to the second prong, "[t]he salient question is whether the process afforded [] is constitutionally deficient." *Id.*

Plaintiffs' amended complaint alleges that the Parish's demolition procedures were overly vague and granted arbitrary and capricious discretion to the Parish. Plaintiffs contend that the Parish's demolition procedures deprived plaintiffs of their constitutional right to hold and dispose of property. Because plaintiffs have alleged that the Parish's demolition procedures were unconstitutional, this case is distinguishable from *John Corp.*, 214 F.3d at 585-86 & n.20, in which the plaintiffs only alleged that they were not provided due process prior to the demolition. *See id.*[8]

Although the Parish contends that plaintiffs' procedural due process claim is not ripe as plaintiffs have not availed themselves of state inverse condemnation remedies, whether the Parish's demolition procedures are constitutionally inadequate is a factually separate inquiry from

---

[8] For this reason, the present case is distinguishable from the Court's holdings in *Chenier v. Parish of St. Bernard*, 2010 WL 2545954 (E.D. La. Jun. 17, 2010) and *Wilhelmus v. Parish of St. Bernard*, 2010 WL 1817770 (E.D. La. May 3, 2010). In those cases, plaintiffs alleged only that they had been deprived of their right to due process. The Court held that the procedural due process claims in *Chenier* and *Wilhelmus* merited further factual development and were therefore premature where plaintiffs had not availed themselves of the inverse condemnation remedy provided by state law. In this case, plaintiffs' amended complaint alleges specific facts in support of their argument that the Parish's demolition procedures were unconstitutional.

whether or not plaintiffs were adequately compensated for the loss of their home. *See Jenkins v. City of Westwego*, 2009 WL 3062478 at *4 (E.D. La. Sept. 21, 2009). Whether the Parish's demolition procedures were unconstitutional is ripe for judicial review. The Court finds that plaintiffs' procedural due process claim is not premature.

    C. Plaintiffs' Substantive Due Process claim

The Fifth Circuit has refused to adopt a "blanket rule" that a takings claim subsumes any substantive due process claims alleging deprivations of property. *John Corp.*, 214 F.3d at 583; s*ee also Simi Inv. Co. v. Harris County*, 236 F.3d 240, 248-49 (5th Cir. 2000). "Instead a careful analysis must be undertaken to assess the extent to which a plaintiff's substantive due process claim rests on protections that are also afforded by the takings clause." *Coates v. Hall*, 512 F. Supp. 2d 770, 789 (W.D. Tex. 2007) (citing *John Corp.*, 214 F.3d at 583).

Plaintiffs allege that "[t]he ordinances of the [Parish] and the actions taken by the [Parish] to deprive the Tuckers of their home are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare."[9] Plaintiffs also allege that the relevant ordinances of the Parish are "arbitrary and capricious, and have no substantial relation to any legitimate objectives and are not consistent with the laws of Louisiana."[10] Moreover, the ordinances are "overly vague, conflict with each other and grant arbitrary and capricious discretion to the government."[11]

Plaintiffs' amended complaint states also that the Parish's actions and policies with respect to the demolition of the plaintiffs' house were motivated by discrimination "against blacks and other minorities."[12] According to plaintiffs' amended complaint, the Parish

---

[9] R. Doc. No. 44, p. 14.
[10] *Id.* at p. 10.
[11] *Id.*
[12] *Id.* at p. 18.

7

demolished their home because "at least in part, . . . [the Parish] [was] seeking retribution against the Tuckers for the assertion of their Constitutional rights in [a] previous federal proceeding."[13]

In this case, plaintiffs' takings claim does not subsume their substantive due process claim because plaintiffs' substantive due process claim challenges the Parish's ordinance and actions as not rationally related to a legitimate state interest whereas their takings claim challenges the Parish's alleged taking of property without just compensation. The constitutional protections afforded by these doctrines are not coextensive.[14] *See John Corp.*, 214 F.3d at 585.

D. Plaintiffs' Fourth Amendment claim

Plaintiffs allege in their amended complaint that the Parish violated the Fourth Amendment.[15] The elements of a Fourth Amendment claim are "(a) a meaningful interference with [plaintiffs'] possessory interests in her property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated." *Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009). The demolition of property constitutes a seizure for the purposes of the Fourth Amendment. *Freeman v. City of Dallas*, 242 F.3d 642, 648, n. 5 (5th Cir. 2001).

Plaintiffs' Fourth Amendment claim with respect to plaintiffs' immovable property must also be dismissed as not ripe. A case is not ripe if further factual development is required. *New Orleans Public Service Inc.*, 833 F.2d at 587. Plaintiffs claim that their Fourth Amendment claim is based on the destruction of their property "without due process" and the fact that the Parish

---

[13]*Id.*

[14]The Parish argues that the ordinances at issue in this case and the actions of the Parish are rationally related to a legitimate government interest and requests that the Court dismiss plaintiffs' substantive due process claim. Because the issue of whether the Parish's ordinances are rationally related to a legitimate government interest is a mixed question of law and fact, the Parish's arguments are better argued in a motion for summary judgment. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1044 (5th Cir. 1998).

[15] The Parish argues that the Court should not consider this claim because plaintiffs did not explicitly plead the Fourth Amendment claim in the original complaint. However, in plaintiffs' subsequently filed amended complaint, plaintiffs allege a violation of the Fourth Amendment. R. Doc. No. 44, p. 18.

"denies owing any compensation."[16] Because plaintiffs did not use the inverse condemnation procedures, however, it is not yet clear whether the infringement on their immovable property was uncompensated.

Because further factual development is necessary to evaluate plaintiffs' Fourth Amendment claim with respect to the destruction of plaintiffs' immovable property, such claim must be dismissed for lack of subject matter jurisdiction until plaintiffs avail themselves of the inverse condemnation procedure. However, because of a lack of a state remedy, a dismissal of plaintiffs' Fourth Amendment claim with respect to the destruction of their movable property is not appropriate.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Parish's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** with respect to plaintiffs' claims that the Parish's destruction of their immovable property constituted an uncompensated taking and denied plaintiffs their right to be free from unreasonable seizures pursuant to the Fourth Amendment of the U.S. Constitution and such claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Parish's motion is **DENIED** with respect to plaintiffs' claims that the Parish's destruction of their movable property constituted an uncompensated taking, denied plaintiffs the right to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, and denied plaintiffs their right to be free from unreasonable seizures pursuant to the Fourth Amendment of the U.S. Constitution.

**IT IS FURTHER ORDERED** that the Parish's motion is **DENIED** with respect to plaintiffs' claims that the Parish's destruction of their immovable and movable property denied

---

[16] R. Doc. No. 32, p. 16.

plaintiffs the right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

New Orleans, Louisiana, August 16, 2010

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**